IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPANIE MITCHELL,<br><br>   Plaintiff,<br>v.<br><br>EWS ASSOCIATES, LLC d/b/a<br>REGENCY HOME CARE OF NORTH<br>ATLANTA and ERICH W. SCHUETZ,<br><br>   Defendants. | **JURY DEMAND**<br>CIVIL ACTION FILE NO: |

**COMPLAINT**

Plaintiff Stepanie Mitchell ("Plaintiff") files this Complaint against Defendant EWS Associates, LLC, d/b/a Regency Home Care of North Atlanta ("Regency Home Care") and its CFO, CEO, Secretary and sole shareholder, Erich W. Schuetz, ("Schuetz") (collectively "Defendants") for unpaid overtime wages, pursuant to § 216(B) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), as set forth below.

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.

Venue is proper in this Court because the events giving rise to this action occurred in this district and division, and Regency Home Care conducts business in this district and division.

3.

Regency Home Care is a Georgia corporation with its principal place of business located at 1750 Old Spring House Lane, Suite #203, Dunwoody, Georgia 30338. There, it may be served through its Registered Agent, Erich W. Schuetz.

4.

Schuetz is the only officer and sole shareholder of Regency Home Care, is subject to personal jurisdiction for purposes of this lawsuit, and can be individually served at 1750 Old Spring House Lane, Suite #203, Dunwoody, Georgia 30338.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

**PARTIES**

6.

Plaintiff is an adult resident citizen of Atlanta, Fulton County, Georgia.

7.

At all times relevant to this action, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1), and worked for Defendants within the territory of the United States from October 2018 until February 2021. Defendants employed Plaintiff within the meaning of the FLSA. For example, Defendants determined Plaintiff's pay rate, set Plaintiff's schedule, had the authority to hire and fire Plaintiff, and maintained Plaintiff's employment records, such as time and pay records.

8.

Schuetz is an individual and resident of Atlanta, Fulton County, Georgia.

9.

Schuetz is the managing member of Regency Home Care. At all times relevant to this Complaint, Schuetz served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Regency Home Care. Schuetz also employed Plaintiff as defined by the FLSA. For example, Schuetz was present for and responsible for all relevant decision-making related to Plaintiff's employment.

Schuetz exercised control over all aspects of the company's day-to-day operations, including compensation of employees, assignment of job duties, determining employees' FLSA exempt status, hiring, firing, scheduling, and pay decisions generally.

10.

Defendants are engaged in interstate commerce for purposes of the FLSA.

11.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

12.

Defendants directed Plaintiff to individually engage in interstate commerce.

13.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

14.

Defendants are employers within the meaning of FLSA § 203(d) and are not exempt under the Act.

## **FACTUAL ALLEGATIONS**

15.

Regency Home Care is a certified home care agency that employs caregivers and home health aides who provide residential care for adults with a variety of needs, including Alzheimer's and dementia care, Parkinson's disease, elder care, recuperative care following surgery or heart attack, and cancer recovery care.

16.

Plaintiff held the title of "Home Health Aide" and was employed by Defendants from October 2018 through February 2021 at various locations in and around Metropolitan Atlanta, Georgia.

17.

Plaintiff's primary job duty was to provide in-home care assistance to seniors including performing household services such as cooking, cleaning, and laundry, with such household services exceeding twenty percent (20%) of the total weekly hours worked.

18.

Plaintiff performed her duties in strict conformity with the processes and procedures Regency Home Care outlined for her. Plaintiff exercised limited

independent judgment or control over the scope of her work or performance of her duties.

19.

Plaintiff's duties as a Home Health Aide were duties performed in specific compliance with written instructions and did not include the authority to supervise, hire, fire, or discipline any employees.

20.

Plaintiff possessed no authority to direct the work of others and in fact did not direct the work of other employees. Her role was strictly limited to the observation of assigned patients.

21.

From October 2018 until February 2021, Defendants agreed to compensate Plaintiff an hourly rate of $12.00 per hour, based on a 40-hour work week, and $170-$175 per day for 24-hour in-home patient care.

22.

Defendant failed to compensate plaintiff at the agreed upon rate and instead paid her $11.00 an hour and misstated her actual pay on her time records.

23.

Plaintiff regularly worked in excess of forty (40) hours per week for Defendants, reporting the hours via a manual time sheet that was approved by Schuetz. Despite reporting these hours, Defendants failed to compensate Plaintiff the overtime premium.

24.

From October 2018 until February 2021, Plaintiff estimates that she worked an average of 10 hours of overtime per week.

25.

Plaintiff does not have access to her complete time records, including those prior to October 2018. However, she estimates that she worked an average of at least 10 hours of overtime per week during the relevant time period.

26.

Defendants considered Plaintiff to be "exempt" from overtime and therefore did not pay her any overtime for hours she worked in excess of 40 in any work week.

27.

Plaintiff repeatedly complained about Defendants' failure to pay overtime based on the hours she worked.

28.

In response, Defendants maintained that Plaintiff was not entitled to overtime merely because she received "straight pay."

29.

Plaintiff's pay arrangement was determined and approved by Schuetz.

30.

Contrary to Defendants' decision to treat Plaintiff as an FLSA "exempt" employee, Plaintiff was entitled to overtime at the rate of 1.5 times her regular hourly rate for all hours she worked in excess of 40 in each work week.

31.

Plaintiff anticipates that discovery of Defendants' time records will assist her in calculating a more exact estimate of her overtime hours.

32.

Without the benefit of more detailed records from Defendants, Plaintiff estimates based on her own records that she worked a minimum of 10 overtime hours per week while employed with Defendants.

33.

At all times relevant to this action, Defendants failed to compensate Plaintiff

overtime wages at a rate no less than one and one half time the regular rate of $12.00 per hour for each overtime hour she worked between October 2018 and February 2021.

34.

Based on the number of overtime hours Plaintiff estimates she worked, she is entitled to at least $18,000 in unpaid overtime wages.

35.

Plaintiff is entitled to liquidated damages in an amount equal to her unpaid overtime.

36.

Plaintiff's actual unpaid overtime may be more precisely determined during discovery by reviewing Defendants' time and pay records.

37.

Schuetz exercised complete control over all facets of Regency Home Care's operations, including decisions related to Plaintiff's work duties, her schedule, her compensation, her FLSA exempt status, and decisions related to resolving pay disputes.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA 29 U.S.C. § 201

38.

Based on the above factual allegations, Defendants are liable to Plaintiff for overtime wages and damages under the Fair Labor Standards Act, 29 U.S.C. § 201.

39.

Regency Home Care is a covered employer under the FLSA, 29 U.S.C. § 203(d) because either (1) it has at least two employees and has an annual dollar volume of sales of at least $500,000, or (2) its individual employees are engaged in commerce or in the production of goods for commerce.

40.

Plaintiff's work was not exempt from coverage of the overtime provisions of the FLSA.

41.

Schuetz is jointly and severally liable, along with Regency Home Care, for Plaintiff's damages because he regularly exercised a high degree of control over the operation of Regency Home Care, and specifically controlled employee hiring, firing, compensation, duties, scheduling, and FLSA exemption status.

42.

Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages in an amount equal to her unpaid wages, and attorney's fees and costs of litigation.

**COUNT II: RETALIATION IN VIOLATION OF FLSA 29 U.S.C. § 215**

43.

Based on the above factual allegations, Defendants retaliated against Plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. § 215.

44.

Between October 2018 through February 2021, Plaintiff verbally complained on numerous occasions to Schuetz about the discrepancy regarding the hourly rate on her paystubs.

45.

In response to the verbal complaints, Schuetz told Plaintiff that he "doesn't pay overtime and only pays straight time."

46.

On or about January 20, 2021, Plaintiff sent Schuetz an email requesting clarification on how she was being paid.

47.

Schuetz responded Plaintiff's "old pay rate" of $11 per hour had not been changed in the system to reflect her current rate of $12 per hour. Schuetz contends that the rate was "updated accordingly."

48.

Plaintiff's hourly rate was never updated to reflect her correct hourly rate nor was her daily rate of $170 per day ever included in her pay.

49.

Plaintiff asserts that Defendants forced her to constructively resign because of Defendants failure to properly provide compensation for overtime hours worked. Plaintiff's retaliation is prohibited by the FLSA. The FLSA protect persons against retaliation for asserting their rights under the statute.

**WHEREFORE**, Plaintiff prays for the following relief:

1)     A trial by jury;

2)     Actual damages in the amount of Plaintiff's unpaid overtime;

3)     Prejudgment interest on Plaintiff's unpaid overtime;

4)     An award of liquidated damages in an amount equal to Plaintiff's unpaid overtime under the FLSA;

5) A finding that Defendants willfully violated the FLSA so that a 3-year limitation period applies to this case;

6) An award of attorney's fees and costs pursuant to the FLSA; and

7) All other relief that this Court deems just and proper.

Respectfully submitted this the 15th day of September 2021.

                                                      */s/ Adeash Lakraj*
                                                     Adeash A.J. Lakraj

**THE LEACH FIRM, P.A.**          GA Bar No. 444848
631 S. Orlando Avenue           alakraj@theleachfirm.com
Suite 300
Winter Park, FL 32789
Telephone:  770-728-8478, Ext. 430
Facsimile:   833-423-5864
*Counsel for Plaintiff*